# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN SMITH,                                          :
            Petitioner,                      :
                                 :

            v.                             :     Civil No. 2:25-cv-02051-JMG

                                 :

COMMONWEALTH OF PA, *et al.*,                         :
            Respondents.                      :

## ORDER

**AND NOW**, this 16th day of June, 2026, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2), Respondents Response to Petition for a Writ of Habeas Corpus (ECF No. 23), the Report and Recommendation United States Magistrate Judge Caroline Goldner Cinquanto (ECF No. 30), it is **ORDERED** as follows:

    1.      The Report and Recommendation of Magistrate Judge Caroline Goldner Cinquanto (ECF No. 30) is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 claiming (1) the criminal complaint was invalid; (2) the delay in trial violates Pennsylvania Rule of Criminal Procedure 600; (3) the court lacks subject matter jurisdiction; (4) the delay in trial violates the Speedy Trial Act and the Sixth Amendment; and (5) discovery sent by counsel lacks a lawful Fourth Amendment warrant. ECF No. 30 at pp. 4-5.

As Judge Cinquanto explained, federal habeas relief is available only where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." ECF No. 30 at p. 5 (citing 28 U.S.C. § 2241(c)(3)). The Court agrees that Grounds One, Two, Three, and Five are not cognizable on federal habeas review because they are grounded in state law rather than federal constitutional violations.

With respect to Grounds One and Two, alleged violations of the Pennsylvania Rules of Criminal Procedure do not implicate federal constitutional rights and therefore are not cognizable in a federal habeas proceeding. *See* ECF No. 30 at pp. 6-7. (citing *Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991)). A federal court's review of a habeas corpus petition is limited to federal constitutional rights of petitioners. *Id.* This court cannot take cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule. *Id.* Here,

because Petitioner alleges only violations of the Pennsylvania procedural rules, which are issues rooted in state law, these claims are not subject to federal habeas review.

Ground Three likewise fails because Petitioner's challenge to the state Court's subject matter jurisdiction rises to an issue of state law. Federal courts cannot engage in collateral review of state court decisions based on state law. *See* ECF No. 30 at p. 7 (citing *Jones v. Carroll*, 388 F. Supp.2d 413, 420 (D. Del. 2005). Further, this claim lacks merit. All courts of Common Pleas have original jurisdiction over criminal proceedings, and this case is no different. *See* ECF No. 30 at p. 7 n.10 (citing *Brown v. Holman*, Civ. No.25-53, 2025 WL 3464280, at *3 n.2 (W.D. Pa. Jun. 24, 2025)).

Ground Five centers around a violation of a discovery rule governed by Pennsylvania Rule of Criminal Procedure 573. *See* ECF No. 30 at p. 8. As with Grounds One and Two, a claim based solely on a state's alleged violation of its own procedural rules is not cognizable on federal habeas review. *Id.* (citing *Wells*, 941 F.2d at 256). Although Petitioner invokes the Fourth Amendment in this claim, he does not allege that evidence was obtained through an unconstitutional search or seizure. *Id.* In any event, even if a Fourth Amendment claim was alleged, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *See id.* n.11 (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)). Thus, the Court agrees with Judge Cinquanto that Grounds One, Two, Three, and Five are all issues concerning state law, and therefore, Petitioner's federal habeas claims are not cognizable under federal law.

Petitioner's remaining claim alleges a violation of his Sixth Amendment right to a speedy trial. ECF No. 30 at p. 9. As Judge Cinquanto correctly noted, federal courts generally will not consider the merits of a habeas petition unless the petitioner has exhausted available state-court remedies. *Id.*; *see also* 8 U.S.C. § 2254(b)(1)(A). Exhaustion requires that a Petitioner provide the state courts with a full and fair opportunity to resolve any constitutional claims before seeking federal relief. *See* ECF No. 30 at p. 9 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The exhaustion requirement may only be excused where an "inordinate delay by the state in processing claims for relief … renders the state remedy effectively unavailable." *See* ECF No. 30 at p. 10 (citing *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)). Here, however, Petitioner's Sixth Amendment claim has not yet been adjudicated by the trial court and has not been presented to the Superior Court on appeal. *See* ECF No. 30 at p.12. The Court further agrees that the inordinate delay exception also does not apply to Petitioner's case. In determining whether a delay is inordinate, courts will consider the degree of progress made by the state courts and whether Petitioner bears responsibility for any portion of the delay. *See* ECF No. 30 at p. 10 (citing *Lee*, 357 F.3d at 342; *see also Harris v. Steberger*, Civ. No. 16-4108, 2017 WL 2691984, at *3-4 (E.D. Pa. 2017)).

Although Petitioner has been detained for approximately fifty-five months, the state proceedings have not been stagnant. As Judge Cinquanto states, multiple changes in counsel and several defense requested continuances resulted in postponement of the trail on three occasions. *See* ECF

2.   The Petition for Writ of Habeas Corpus (ECF No. 2) is **DENIED** and **DIMISSED**;

3.   There is no basis to issue a certificate of appealability;[2]

4.   Petitioners Motions (ECF Nos. 27, 29) are **DENIED as MOOT**; and

5.   The Clerk of Court is directed to mark this case **CLOSED.**

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

No. 30 at p. 11. The case is currently delayed due to Petitioner's mental health commitment. *Id.* Under these circumstances the Court agrees that Petitioner has failed to exhaust his state remedies and that the exhaustion requirement cannot be excused based on inordinate delay. Accordingly, Ground Four is also not cognizable at this time.

Accordingly, the Court adopts Judge Cinquanto's findings and conclusions in full.

[2] A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Here, Petitioner has failed to meet his burden to show that a certificate of appealability should issue in this case.